Douglas F. Foley, OSB #802262
e-mail: doug.foley@dougfoleylaw.com
Douglas Foley & Associates, PLLC
13115 N.E. 4th Street, Suite 260
Vancouver, Washington 98684
Telephone: 360.883.0636
Facsimile: 360.944.6808
*Attorneys for Plaintiff Allstate Fire and Casualty Insurance Company*

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, an Illinois Corp., <br><br> Plaintiff, <br><br> v. <br><br> DEANN LEPOIDEVIN, V.O.H., by and through her Guardian ad Litem, FATIMA HERNANDEZ, 1-800-FLOWERS.COM, Inc., a foreign corporation; 1-800-FLOWERS.COM FRANCHISE CO., INC., a foreign corporation, NANCY'S FLORAL, INC., an Oregon corporation. <br><br> Defendants. | Case No. 3:16-cv-02134 <br><br> COMPLAINT FOR DECLARATORY RELIEF |

The Plaintiff, Allstate Fire and Casualty Insurance Company ("Allstate"), by and through its attorneys, Douglas F. Foley and Vernon Finley of Douglas Foley & Associates, PLLC, alleges as follows:

1.  This action for Declaratory Relief is one in which the United States District Court is given original jurisdiction by reason of diversity of citizenship and the requisite amount in controversy exceeds $75,000 pursuant to Title 28, U.S.C. §1332.

COMPLAINT FOR DECLARATORY RELIEF
Page 1

**Douglas Foley & Associates, PLLC**
13115 NE 4th Street, Suite 260
Vancouver, WA 98684
Telephone: 360.883.0636

2. Plaintiff Allstate Fire and Casualty Insurance Company is an Illinois corporation authorized to transact the business of insurance in the State of Oregon, whose principle place of business is in the State of Illinois. Allstate Fire and Casualty Insurance Company is a deemed to be citizen of Illinois.

3. Defendant Deann Lepoidevin is a resident of Multnomah County and is a citizen of the State of Oregon.

4. Defendant Fatima Hernandez is the Guardian Ad Litem for V.O.H., and is a resident of Multnomah County and a citizen of the State of Oregon. The child V.O.H. is a resident of Multnomah County and a citizen of the State of Oregon.

5. Defendant Nancy's Floral, Inc. is an Oregon Corporation that does business in Multnomah County and is a citizen of the State of Oregon.

6. Defendants 1-800-FLOWERS.COM Inc., and 1-800-FLOWERS.COM FRANCHISE CO., INC., are Delaware corporations and are citizens of Delaware.

7. Allstate issued an automobile policy to Deann Lepoidevin providing certain coverages subject to the terms, definitions, exclusions, limitations, and conditions contained in the insurance contract.

## I. THE MULTNOMAH COUNTY CIRCUIT COURT COMPLAINT FILED BY FATIMA HERNANDEZ

8. This coverage case involves an auto accident in which Defendant Deann Lepoidevin struck a child pedestrian while she was driving a delivery van for Nancy's Floral, Inc. The accident occurred on November 16, 2015. Allstate is the insurer for the personal automobile insurance for Deann Lepoidevin. Defendant Fatima Hernandez, the Guardian Ad Litem for V.O.H., filed a filed a lawsuit for personal injuries in the Circuit Court for Multnomah County, State of Oregon. Attached as Exhibit "1" is a copy of the Complaint. All allegations of the Multnomah County Complaint are incorporated by reference.

COMPLAINT FOR DECLARATORY RELIEF
Page 2

**Douglas Foley & Associates, PLLC**
13115 NE 4th Street, Suite 260
Vancouver, WA 98684
Telephone: 360.883.0636

9.    A cause of action for negligence was alleged against Defendant Deann Lepoidevin: Allstate does not necessarily agree to the veracity of the facts alleged, but recites the following facts for the sole purpose of identifying the issues in dispute in this matter with respect to the coverages provided by Allstate Insurance Company, subject to the terms, definitions, exclusions and conditions of the insurance contract issued by Allstate.  The Complaint in pertinent part alleges the following for the claim against Deann Lepoidevin:

**FIRST CLAIM FOR RELIEF**
**(Against Defendant Deann M. Lepoidevin)**
**(Negligence)**

At all times material hereto:

a)    Plaintiff V.O.H. was a minor, with a date of birth of March 1, 2003, and was a resident of the city of Gresham, county of Multnomah, state of Oregon;

b)    Fatima Hernandez is plaintiff's natural mother and joint custodial parent, Librado Orozco-Rodriguez is plaintiff's natural father and joint custodial parent, Fatima Hernandez was appointed plaintiffs Guardian Ad Litem in an ex parte proceeding on September 23, 2016;

c)    Pursuant to ORS 31.700, plaintiff's natural parents, Fatima Hernandez and Librado Orozco-Rodriguez, have consented to the recovery of plaintiffs medical expenses in this proceeding;

d)    Defendants 1-800-Flowers.com, Inc. and 1-800-Flowers.com Franchise Co., Inc. (hereinafter referred to collectively as the "1-800-FLOWERS" defendants), were duly organized Delaware corporations, with registered agents in the city of Wilmington, county of New Castle, state of Delaware, and principal places of business in the city of Carle Place, county of Nassau, state of New York;

e)    Defendant Nancy's Floral, Inc. ("NANCY'S") was a duly organized Oregon corporation, with a principal place of business, mailing address, and registered agent at 620 N.E. Burnside Road, city of Gresham, county of Multnomah, state of Oregon;

f) Defendant Nancy's was an authorized franchisee of the 1-800-Flowers defendants, selling flowers from the above location and on-line on behalf of the 1-800-Flowers defendants;

g)    Defendant Deann M. Lepoidevin ("LEPOIDEVIN") was an employee of defendant Nancy's, acting within the course and scope of her employment and/or agency relationship, driving a company van for the purpose of delivering flowers;

COMPLAINT FOR DECLARATORY RELIEF
Page 3

**Douglas Foley & Associates, PLLC**
13115 NE 4th Street, Suite 260
Vancouver, WA 98684
Telephone: 360.883.0636

h) S.E. Kane Drive and S.E. First Street were duly dedicated public thoroughfares located in the city of Gresham, county of Multnomah, state of Oregon. (Complaint ¶1)  Defendant Lepoidevin had a history of seizures, blackouts, epilepsy, and/or "dèjà vu" moments, for which she received medical treatment and was prescribed medication, beginning in approximately 1998.  (Complaint ¶2)

Defendant Lepoidevin was hired as a delivery driver by defendant Nancy's some time during the year 2012. Prior to that time, Lepoidevin had applied for a job as a bus operator at Tri-Met, but was denied employment because she had admitted, in response to a specific question on her application, that she had a history of seizures.  (Complaint ¶3)

In 2012, at the time it hired defendant Lepoidevin, defendant Nancy's did not ask, either by way of a question on the written application, or by way of oral questions during the interview process, if she had a history of seizures or related medical conditions. Defendant Lepoidevin did not inform anyone at defendant Nancy's at the time of her hiring that she had a long-standing history of seizures, blackouts, epilepsy, and/or "dèjà vu" moments, for which she received medical treatment and was prescribed medication.  (Complaint ¶4)

After being employed by defendant Nancy's and working as a delivery driver, and continuing up through April of 2016, defendant Lepoidevin continued to periodically suffer from seizures, blackouts, epilepsy, and/or " dèjà vu" moments, for which she continued to receive medical treatment and was prescribed medication.  (Complaint ¶5)

Between 2012 and April 2016, neither defendant Nancy's nor any representative of defendant Nancy's asked defendant Lepoidevin if she had a history of seizures or related medical conditions. Defendant Lepoidevin did not inform anyone at defendant Nancy's while she was employed that she continued to suffer from periodic episodes of seizures, blackouts, epilepsy, and/or "dèjà vu" moments, for which she received continuing medical treatment and for which 24 she continued to be prescribed medication.  (Complaint ¶6)

On or about November 16, 2015, defendant Lepoidevin was driving and involved in a collision. The Portland Police Bureau cited her for a violation of ORS 811.135, Careless Driving with Accident. The citation was dismissed after defendant Lepoidevin completed an Oregon Traffic School Online course. Defendant Lepoidevin did not inform anyone at defendant Nancy's about the citation, the online course, and/or the dismissal.  (Complaint ¶7)

Approximately one week before the day of the collision at issue, defendant Lepoidevin' s medication had been reduced, and she was also prescribed a new medication. Approximately a day or so before the incident, defendant Lepoidevin experienced a seizure of which she was not aware, but was informed about by her husband. He referred to this as a "dèjà vu" moment. In response to that information, defendant Lepoidevin called her doctor, and was told to go back to her regular medication dosage.  (Complaint ¶8)

Defendant Lepodevin did not inform anyone at defendant Nancy's about the change in medication, the seizure, and/or the telephone call to the doctor.  (Complaint ¶9)

COMPLAINT FOR DECLARATORY RELIEF
Page 4

**Douglas Foley & Associates, PLLC**
13115 NE 4th Street, Suite 260
Vancouver, WA 98684
Telephone: 360.883.0636

Defendant Lepoidevin experienced two separate seizures or "dèjà vu" moments earlier in the day of the collision at issue, April 20, 2016. Defendant Lepoidevin was not aware of these moments, but was informed of them by a passenger who was riding in the delivery van belonging to defendant Nancy's with her, and who was aware of her history of "dèjà vu" moments. (Complaint ¶10)

After the second of these moments, the passenger asked defendant Lepoidevin to pull over, but defendant Lepoidevin assured the passenger that she was fine, and continued driving. (Complaint ¶11)

On or about April 20, 2016, and after the "dèjà vu" moments described above, plaintiff, V.O.H., was walking home from school on S.E. First Street in Gresham. Her route, from east to west, took her across S.E. Kane Road in a marked crosswalk at the intersection with S.E. First Street. Along with a friend, she began to cross S.E. Kane Road with a white walk signal. At that place and time, defendant Lepoidevin was driving defendant Nancy's delivery van, which was covered with custom marketing messages and logos supplied by and identifying the 1-800-FLOWERS defendants. (Complaint ¶12)

Defendant Lepoidevin was driving southbound on S.E. Kane Street, towards the intersection where the children were crossing. Despite the fact that the light was red for southbound traffic on S.E. Kane Street, and despite the fact that people were lawfully traveling on foot in the marked crosswalk, defendant Lepoidevin did not stop, slow, or brake the van, and struck plaintiff V.O.H. in the crosswalk, throwing her through the air before she landed more than fifty feet away, causing catastrophic and permanent injuries as set forth more fully below. (Complaint ¶13)

The cause of the collision was the negligence of defendant Lepoidevin, acting within the course and scope of her employment relationship with defendant Nancy's, in one or more of the following particulars: a) In failing to keep a proper lookout; b) In failing to maintain reasonable control over the vehicle; c) In failing to stop at a red light; d) In failing to stop and remain stopped for a pedestrian; e) In operating a motor vehicle when she was medically unfit to do so; f) In driving carelessly; g) In failing to inform defendant Nancy's at the time of her hiring in 2012 of: (i) the fact that she had a long-standing history of seizures, blackouts, epilepsy, and/or "dèjà vu" moments; (ii) the fact that she had a lengthy history of medical treatment for seizures, blackouts, epilepsy, and/or "dèjà vu" moments; (iii) the fact that she was taking medications for seizures, blackouts, epilepsy, and/or "dèjà vu" moments; h) In failing to inform defendant Nancy's at any time between the time of her hiring in 2012, and April 20, 2016, of: (i) the fact that she had a long-standing history of seizures, blackouts, epilepsy, and/or "dèjà vu" moments; (ii) the fact that she had a lengthy history of medical treatment for seizures, blackouts, epilepsy, and/or "dèjà vu" moments; (iii) the fact that she was taking medications for seizures, blackouts, epilepsy, and/or "dèjà vu" moments; i) In failing to inform defendant Nancy's of the fact that she was cited for Careless Driving with Accident on November 16, 2015; j) In failing to inform defendant Nancy's of the fact that approximately one week before the day of the incident, defendant Lepoidevin's medication had been reduced, and she was also prescribed a new medication; k) In failing to inform

COMPLAINT FOR DECLARATORY RELIEF
Page 5

**Douglas Foley & Associates, PLLC**
13115 NE 4th Street, Suite 260
Vancouver, WA 98684
Telephone: 360.883.0636

defendant Nancy's that approximately a day or so before the incident, defendant Lepoidevin experienced a seizure, in response to which she called her doctor, and was told to go back to her regular medication dosage; and I) In failing to inform defendant Nancy's about two separate incidents earlier on the day of the incident, April 20, 2016, where defendant Lepoidevin experienced a "dèjà vu" moment of which she was not aware, but was informed of them by a passenger who was riding in the van with her, and was aware of her history of "dèjà vu" moments.  (Complaint ¶14)

The negligence of defendants, and each of them, was a substantial factor in causing plaintiff to suffer the following injuries, some of which are permanent in nature, as follows: a) Severe, diffuse traumatic brain injury; b) Traumatic subarachnoid hemorrhage; c) Displaced fracture of lateral condyle of! eft femur; d) Right pubis fracture; e) Left pubis fracture; f) Sacrum fracture; g) Left ischium fracture; h) Head laceration; i) Right eyelid laceration; j) Right periocular laceration; k) Right hand laceration; 1) Nose laceration; m) Loss of consciousness; n) Skull fracture; o) Tachycardia; p) Neck strain; and q) Skin ulcer.  (Complaint ¶15)

The negligence of defendants, and each of them, was a substantial factor in causing plaintiff to undergo the following reasonable and necessary medical and surgical procedures: a) Percutaneous monitoring of intracranial pressure; b) Reduction of left lower femur with internal fixation; c) Nasal repair; d) Right upper eyelid repair; e) Face skin repair; f) Percutaneous feeding tube; g) Respiratory ventilation; h) Respiratory intubation; i) Superior vena cava infusion; j) Limb reattachment; k) Thrombelastogram.  (Complaint ¶16)

As a result of the negligence of defendants, and each of them, plaintiff has incurred reasonable and necessary medical, hospital, therapy, rehabilitation, and related expenses to date in the approximate sum of $500,000.00. Plaintiff will further incur reasonable and necessary future medical expenses in the approximate sum of $500,000.00. As a result of the permanent physical and cognitive effects of the injuries, plaintiff has lost future earning capacity in the approximate sum of $500,000.00, all to plaintiffs total economic damage in the approximate sum of $1,500,000.00.  (Complaint ¶17)

As a further result of the negligence of defendants, and each of them, plaintiff has and will continue to suffer from limited cognitive and physical capacity, pain, suffering and her activities of daily living have been and will be adversely affected, all to her noneconomic damage in a reasonable amount to be determined by a jury, but not to exceed the sum of $15,000,000.00.  (Complaint ¶18)

*  *  *

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as follows:

a)	Economic damages in the approximate sum $1,500,000.00;

COMPLAINT FOR DECLARATORY RELIEF
Page 6

**Douglas Foley & Associates, PLLC**
13115 NE 4th Street, Suite 260
Vancouver, WA 98684
Telephone: 360.883.0636

  b)  noneconomic damages in a reasonable amount not to exceed the sum of $15,000,000.00.

## II. THE INSURANCE CONTRACT

  10.  Allstate issued an automobile policy to Defendant Deann Lepoidevin (hereinafter the "Insurance Contract") subject to all of the Insurance Contract's terms, conditions, definitions and exclusions.  The Insurance Contract contains the following relevant language:

> "**Part I**
> **Automobile Liability Insurance**
> **Bodily Injury Coverage AA**
> **Property Damage Coverage BB**
> **We** will pay for all damages an insured person is legally obligated to pay because of:
> (1) **bodily injury** sustained by any person, and
> (2) damage to or destruction of property, including loss of use.
>
> Under these coverages, **your** policy protects an insured person from liability for damages on account of accidents arising out of the ownership, maintenance or use, loading or unloading of an insured **auto.**
>
> **We** will defend an insured person sued as the result of a covered **auto** accident, even if the suit is groundless or false. **We** will choose the counsel. **We** may settle any claim or suit if **we** believe it is proper. **We** will not defend an insured person sued for damages which are not covered by this policy.
>
> * * *
>
> **Insured Persons**
>
> (1) While using **your** insured **auto:**
>   (a) **you**,
>   (b) any **resident**, and
>   (c) any other person using it with **your** permission.
>
> (2) While using a non-owned **auto**:
>   (a) **you**, and
>   (b) any **resident** relative using a four wheel private passenger **auto** or **utility auto.**

COMPLAINT FOR DECLARATORY RELIEF
Page 7

**Douglas Foley & Associates, PLLC**
13115 NE 4th Street, Suite 260
Vancouver, WA 98684
Telephone: 360.883.0636

\* \* \*

**Insured Autos**

(1)    Any **auto** described on the Policy Declarations and the four wheel private passenger **auto** or **utility auto you** replace it with.

(2)    An additional four wheel private passenger **auto** or **utility auto you** acquire ownership of during the policy period. This **auto** will be covered if we insure all other private passenger autos or **utility autos you** own. **You** must, however, notify us within 60 days of acquiring the **auto** and pay any additional premium.

(3)    A substitute four wheel private passenger **auto** or **utility auto**, not owned by **you** or a resident, being temporarily used while **your** insured **auto** is being serviced or repaired, or if **your** insured **auto** is stolen or destroyed.

(4)    a non-owned **auto** used with the permission of the owner. This **auto** must not be available or furnished for the regular use of an insured person.

\* \* \*

**Definitions**

(2)    **Auto** means a land motor vehicle designed for use principally upon public roads.

(5)    **You** or **Your** means the policyholder named on the Policy Declarations and that policyholder's **resident** spouse.

(6)    **Bodily Injury** means bodily injury, sickness, disease or death.

### III.  CLAIM FOR DECLARATORY RELIEF

11.    Allstate realleges and incorporates herein by reference the allegations in the preceding paragraphs of this Complaint.

COMPLAINT FOR DECLARATORY RELIEF
Page 8

**Douglas Foley & Associates, PLLC**
13115 NE 4th Street, Suite 260
Vancouver, WA 98684
Telephone: 360.883.0636

12. A justiciable controversy exists between the parties hereto. This controversy can be resolved by this Court through entry of its Judgment declaring the rights and liabilities of the parties alleged herein under the contracts of insurance alleged above. Allstate requests appropriate declaratory relief to establish its rights under the policy.

13. There is no coverage under the policy as the vehicle DeAnn Lepoidevin was operating at the time of the accident was not a defined insured automobile under the policy. The delivery van was owned by and was being driven with the permission of Nancy's Floral, Inc. and was furnished for the regular use of Deann Lepoidevin in the course of her employment. As such, there is no coverage available for this accident under the policy Allstate issued to her.

14. Allstate requests that the Court enter a Judgment herein wholly in favor of Allstate declaring, adjudicating, and decreeing that Allstate is not obligated to provide coverage, indemnification, or a defense to Defendant Deann Lepoidevin for the claims alleged in the Complaint filed by Fatima Hernandez, as Guardian Ad Litem for V.O.H., and further enter a Judgment that Fatima Hernandez is owed nothing under the insurance contract.

WHEREFORE, Allstate prays for relief as follows:

A. For a Declaration by this Court that Allstate is not required to provide coverage, indemnification, or a defense to Defendant Deann Lepoidevin for the claims alleged in the Complaint filed by Fatima Hernandez, as Guardian Ad Litem for V.O.H., and further enter a Judgment that Fatima Hernandez is owed nothing under the insurance contract.

/////
/////
/////
/////
/////
/////

COMPLAINT FOR DECLARATORY RELIEF
Page 9

**Douglas Foley & Associates, PLLC**
13115 NE 4th Street, Suite 260
Vancouver, WA 98684
Telephone: 360.883.0636

  B. For costs and such other and further relief as this Court deems just and equitable.

  DATED this 8th day of November, 2016.

         DOUGLAS FOLEY & ASSOCIATES, PLLC

         By */s/* DOUGLAS F. FOLEY
           Douglas F. Foley, OSB #802262
           *Attorneys for Plaintiff Allstate Insurance Company*

104/5673

COMPLAINT FOR DECLARATORY RELIEF
Page 10

**Douglas Foley & Associates, PLLC**
13115 NE 4th Street, Suite 260
Vancouver, WA 98684
Telephone: 360.883.0636